# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

EBENEZER COLON CRUZ,

      Plaintiff,

v.                                                       Case No. 6:21-cv-1605-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

      Defendant.
_____

# **OPINION AND ORDER**[1]

## I. Status

Ebenezer Colon Cruz ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of back issues including "torn," "bulging," and "herniated" discs, as well as deterioration of his right hip and numbness in his right leg. Transcript of Administrative Proceedings (Doc. No. 18; "Tr." or "administrative transcript"), filed December 1, 2021, at 58, 70, 201. Plaintiff protectively filed an application

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 17), filed December 1, 2021; Order (Doc. No. 21), entered January 20, 2022.

for DIB on June 3, 2019, alleging a disability onset date of December 19, 2018.[2] Tr. at 173-79; see also Tr. at 171-72. The application was denied initially, Tr. at 57, 58-68, 82-85, 86, and upon reconsideration, Tr. at 69, 70-81, 92-112, 113.

On December 4, 2020, an Administrative Law Judge ("ALJ") held a hearing,[3] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 32-56 (hearing transcript); see also Tr. at 87-89 (appointment of representative forms). At the time of the hearing, Plaintiff was thirty-seven (37) years old. Tr. at 37 (stating Plaintiff's date of birth). On January 8, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 12-27.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 7-8, 163-64 (request for review). On July 26, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On September 29, 2021, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[2] Although actually completed on July 29, 2019, see Tr. at 171, 173, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as June 3, 2019, see, e.g., Tr. at 58, 70.

[3] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 34.

On appeal, Plaintiff argues the ALJ "failed to apply the correct legal standards" to the opinion of Minal Krishnamurthy, M.D., particularly regarding the portion of the opinion that, according to Plaintiff, indicates Plaintiff has a medically required need for a cane. Plaintiff's Brief (Doc. No. 23; "Pl.'s Br."), filed February 1, 2022, at 1, 9-13. On March 31, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Defendant's Memorandum" or "Def.'s Mem.") responding to Plaintiff's argument. On the same date, Defendant filed a Notice of Filing Appendix (Doc. No. 25) to which she attached an appendix that was inadvertently not filed together with Defendant's Memorandum. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   **The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 3 -

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 14-26. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 19, 2018, the alleged onset date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairment: degenerative disc disease of the lumbar spine with radiculopathy to the right lower extremity." Tr. at 15 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§]

> 404.1567(a) except he can frequently balance, kneel, crouch and crawl; occasionally stoop and climb ramps and stairs but no climbing of ladders, ropes or scaffolds. No work at unprotected eights and no operating a motor vehicle.

Tr. at 19 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "cleaner, industrial," a "stock clerk," a "laborer, airport maintenance," a "roofer," a "sider," a "cashier II," a "shipping and receiving supervisor," a "laborer, stores," and a "construction worker." Tr. at 24-25 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 25-26. After considering Plaintiff's age ("35 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 25 (some emphasis omitted), such as "addressor," "[d]ocument preparer," and "nut sorter," Tr. at 26. The ALJ concluded Plaintiff "has not been under a disability . . . from December 19, 2018, through the date of th[e D]ecision." Tr. at 26 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's

conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Dr. Krishnamurthy, a non-examining physician, evaluated the record evidence on August 10, 2020 and opined on Plaintiff's work-related functioning. Tr. at 74-79. Plaintiff argues the ALJ, in evaluating Dr. Krishnamurthy's opinion, completely overlooked the portion of it indicating Plaintiff has a medically-required need for a cane. Pl.'s Br. at 9-13. Responding, Defendant contends that Dr. Krishnamurthy did not actually opine Plaintiff has this medical need; instead, according to Defendant, the doctor summarized the medical evidence reviewed which included a consultative examiner's finding that Plaintiff has the medical need for the cane. Def.'s Mem. at 6-7.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using

other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [5] "[S]ection 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and

---

[5] Plaintiff filed his DIB application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[6]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

With respect to allegations that an assistive device, such as a cane, is

---

[6] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (SSA 1996).

Here, the ALJ evaluated whether Plaintiff needs a cane or assistive device. Tr. at 23. In performing this evaluation, the ALJ summarized in detail the report of consultative examiner Ernesto Robalino Gonzaga, M.D., see Tr. at 23 (ALJ's Decision), 412-19 (Dr. Gonzaga's opinion), and Plaintiff on appeal does not challenge the ALJ's findings regarding this opinion.[7] Importantly, Dr. Gonzaga's opinion that Plaintiff needs to use a cane appears to be the sole source for Dr. Krishnamurthy's observations in this regard. See Tr. at 75-79. Further, the manner in which Dr. Krishnamurthy's opinion is drafted suggests that the doctor was merely summarizing Dr. Gonzaga's observations and consultative examining opinion about the need for a cane, see Tr. at 414-15, rather than opining independently on Plaintiff's need for an assistive device, see Tr. at 75-79.

---

[7] Plaintiff does contend Dr. Gonzaga's observations and opinion about Plaintiff's use of a cane are consistent with Dr. Krishnamurthy's opinion. See Pl.'s Mem. at 11-12.

- 10 -

The ALJ specifically recognized and rejected Dr. Gonzaga's opinion that Plaintiff needs a cane. Tr. at 23. The ALJ stated that the opinion on this matter was "unpersuasive" given Dr. Gonzaga's other findings and given that a cane has not been prescribed to Plaintiff per his own testimony. Tr. at 23. Again, these findings are unchallenged.

Even if Dr. Krishnamurthy's opinion is construed as independently assessing that a cane is medically necessary, the only evidence cited by the doctor on this point is Dr. Gonzaga's examination findings. See Tr. at 75-79. Given that Dr. Gonzaga's opinion regarding the cane was found unpersuasive by the ALJ, any error the ALJ may have made in overlooking Dr. Krishnamurthy's adoption of the need for a cane is harmless. The ALJ's assessment of Dr. Gonzaga's findings makes clear that the ALJ would have ultimately concluded there is no medical need for an assistive device, and the conclusion would be supported by substantial evidence.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

    2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on November 4, 2022.

                                              JAMES R. KLINDT
                              United States Magistrate Judge

kaw
Copies to:
Counsel of Record